† HARRISON V. CHATFIELD.

ASSIGNEE FOR BENEFIT OF CREDITORS NOT ENTITLED TO POUNDAGE.

An assignee for benefit of creditors is not entitled to poundage on the purchase price of mortgaged land sold by him and bought in by the mortgagees.

SMITH, J.

This is a petition in error filed to obtain the reversal of the judgment of the court of common pleas, in a case in which an appeal had been taken to that court from an order or decision of-the probate court of this county in a proceeding brought by the assignee of Mrs. Chatfield, against the assignor and sundry creditors of hers who held mortgages on different tracts of real estate, assigned by her to Mr. Harrison to sell the same for the purpose of paying the debts of the assignor. The land was accordingly sold under the order of the court. Some of the various tracts were sold to the persons holding mortgages thereon, and in no case was the purchase money of such tract sufficient to pay the debt secured by the mortgage. The other tracts were not sold to the persons severally holding mortgages thereon, but to strangers, and the purchase money was paid to the assignee, and under the law he was entitled to commissions thereon. The assignee not having received or handled the purchase money of that part purchased by the persons holding mortgages thereon, under the decision of this court in the case of *Shaw* v. *Building Association*, 3 Ohio Circ. Dec., 340, was not entitled to any commissions thereon. If it had appeared to the court that services of an extraordinary character had been rendered by the assignee for the benefit of such mortgage purchasers, an allowance on such claim being proved, might have been made to the assignee therefor.

By its decree in such cause, made on the 2d of May, 1393, the probate court required each of the mortgagees who had purchased the property covered by their respective mortgages, to pay into the hands of the assignee 7½ per cent. of the purchase price ($12,125.00), amounting to $909.38, to cover the costs and expenses of the sale of said tracts under said proceedings, including court costs, legal and special advertising, auctioneer's fees, extraordinary services of the assignee, and the fees of his attorney for services rendered in said cause. No exception was taken to this by either party so far as appears, and no appeal taken therefrom.

On June 5, 1893, the probate court made an order requiring said assignee forthwith to distribute the proceeds of the sale of the remainder of said real estate, $8,974.00, then in his hands, less 7½ per cent. of the same, amounting to $673 00, retained to cover costs and expenses of the sale of said real estate, including court costs, and all other items of costs as set out in the order of May 2d, 1893, as above stated. It further appears that on the distribution of said sum of $8,974.00, the assignee claimed his statutory commissions, amounting to $299.48, but the probate court refused to allow any sum in addition to the 7½ per cent. theretofore named. From this refusal the assignee appealed to the court of common pleas.

† See also, 7 Circ. Dec., 692.

We are of the opinion, judging from what appears in the record, that the costs in this case were not equitably and properly adjusted by the probate court, and that the mortgagees who purchased the property on which they had mortgages, were charged with too great a proportion of the costs of the case. Evidently they were not to be charged with poundage to the assignee on the amount of their purchases, while on the fund produced by sales to others he was entitled to commissions, and notwithstanding this the purchasing mortgagees are in effect charged with the assignee's commissions on the amount of their purchases, by charging them with the same percentage on the amount of their purchases as was charged to the other funds. Our idea is that in a case like this, the court should ascertain the amount of costs which the purchaser of each tract, or the fund produced thereby should pay, and an order be made occordingly. But as no appeal was taken from the order of May 2, 1893, by the purchasing mortgagees, the same is final and conclusive.

Was the action of the court of common pleas. on the appeal taken from the order of June 5, right?

The bill of exceptions taken on the hearing in that court, shows the facts hereinbefore stated. That is, that there was in the hands of the assignee under the orders of the court, to pay the costs and expenses of the sale of the real estate, including court costs, auctioneer's fees, extraordinary services of the assignee, and the fees of his attorney for services rendered in the cause, the sum of $1,582.43. There was no evidence whatever submitted as to what these costs would amount to. For all that appeared there may have been more money in his hands than would have paid the claims for which the amount named was to have been applied and the commission of the assignee on the $8,974.00. The order of the probate court did not find that he was not entitled to receive such commission, but that the same was to be paid from the $7\frac{1}{2}$ per cent. then in his hands, amounting as stated to $1,582.43, and such in effect was the order of the common pleas court. But the order as made by the court of common pleas was that the appeal was not well taken, and dismissing the same. This was evidently by misapprehension, and was probably the mistake of counsel who drew the entry in this form, instead of making it a finding for the defendants in error on the merits; for there was no motion to dismiss the appeal, or any suggestion or showing that the matter was one that could not be appealed, or that the proper steps to effectuate the appeal were not taken. The judgment therefore dismissing the appeal will be reversed, but the bill of exceptions, containing the agreed statement of facts on which the case was heard, showing that the claim of the assignee was not made out by the evidence, this court proceeding to render the judgment which the court of common pleas should have rendered, finds for the defendants.

*Harrison & Aston*, for Plaintiff in Error.

*Stephen Coles*, for Defendant in Error.